UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHAEL DELANCY,**

    Petitioner,

v.                                         CASE NO.     3:04-cv-725-J-25MMH
                                                                                     3:98-cr-336-J-99MMH

**UNITED STATES OF AMERICA,**

    Respondent.

---

## ORDER

Before the Court is Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting Memorandum (Dkts. 13, 14), and the Government's response (Dkt. 16[1]). The undersigned was not the trial judge but certifies that he has reviewed the transcripts of the trial and the sentencing hearing. From the record, the Court finds the following:

### I. BACKGROUND

On September 9, 1998, Petitioner and others were charged in a Seven Count Indictment. Specifically, Petitioner was charged in Count One of the Indictment with conspiracy to distribute cocaine, cocaine base ("crack") and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner proceeded to trial and on November 5, 1999, was convicted by a jury as charged in the indictment.[2] On February 4, 2000, Petitioner was sentenced to life imprisonment. Petitioner

---

[1] The Government incorporates, by reference, its response to Petitioner's Amended § 2255 filed January 10, 2005 (Dkt. 9).

[2] This was Petitioner's second trial. His first trial which commenced on October 4, 1999, ended in a mistrial.

took a timely appeal and on July 12, 2001, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction, but vacated his life sentence, finding that it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and remanded the case "for the limited purpose of re-sentencing Petitioner to a term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851." *United States v. Delancy*, 265 F.3d 1062 (11th Cir. 2001)(Table). On October 3, 2002, Petitioner was re-sentenced to a term of imprisonment of 360 months (30 years). That sentence was appealed,[3] and on June 10, 2003, the Eleventh Circuit affirmed same. *United States v. Delancy*, 71 Fed.Appx. 823 (11th Cir. 2003) (Table). On August 25, 2004 and September 10, 2004, Petitioner filed § 2255 Motions which were subsequently dismissed with leave to amend.[4] The Amended § 2255 Motion was filed September 28, 2004. On January 27, 2005, Petitioner filed a motion for leave to amend his Amended § 2255 Motion.[5] The motion was granted, and on March 14, 2005, Petitioner filed the instant Second Amended § 2255 Motion, raising the following grounds for relief: (1) ineffective assistance of counsel; and (2) the Court's sentence violated Petitioner's right to jury trial.

---

[3]"The sole issue raised by Petitioner in his second appeal was "whether the district court correctly determined that [Petitioner's] 1987 Florida conviction for possession of cocaine was not related to an overt act of the federal conspiracy charge." Unpublished Opinion, Case 3:98-cr-336-J-99TEM, Dkt. 342.

[4]Petitioner filed two (2) separate § 2255 motions attacking his judgment and conviction in Case No. 3:98-cr-336-J-99MMH. The motions were assigned Civil Action Nos. 3:04-cv-725-J-25MMH and 3:04-cv-880-J-25MMH. The motions were dismissed without prejudice. Petitioner was granted leave to file one (1) Amended § 2255 motion in Case No. 3:04-cv-725-J-25MMH. Dkt. 3.

[5]Petitioner sought leave to file a Second Amended Motion Under 28 U.S.C. § 2255 based upon his oversight in failing to include a claim in his Amended § 2255 motion that was raised in Case No. 3:04-cv-880-J-25MMH. Dkt. 11.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Under his first ground for relief, Petitioner raises claims of ineffective assistance of counsel at trial and at the sentencing phase. Petitioner contends that counsel was ineffective by (1) depriving him of his right to testify and (2) failing to advise the Court that the Petitioner's prior unadjudicated no contest plea was still open to direct attack under Fla. R. Crim. P. 3.170(f).

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that trial counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In addition, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An ineffective assistance of counsel claim may be dismissed on the failure to meet either prong without consideration of the other. *Id.* at 698.

#### 1. Right to testify

As his first claim of ineffective assistance of counsel, Petitioner contends that counsel was ineffective for waiving Petitioner's right to testify without his consent. Dkt. 13 at 5. Petitioner asserts that had he been advised of his rights, "he would have testified that he had not sold narcotics as alleged by the Government." *Id.*

There is no question that a defendant has a constitutional right to testify in his own defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right is personal to the defendant and cannot be waived by either the trial court or by defense counsel. *United States v. Teague*, 953 F.2d 1525 (11th Cir. 1992).

Even if the Court could find that counsel's performance was deficient, in order to prevail

on his ineffectiveness claim, Petitioner must show that he was prejudiced by counsel's alleged deficient performance. Petitioner offers nothing to demonstrate that his testimony would have altered the jury's guilty verdict. Petitioner does not support his claim with any specific testimony that would have refuted the testimony of the Government's witnesses. Nor does he demonstrate how his testimony would have been more credible than that of the Government's witnesses. Assertions which are vague, conclusory, speculative or unsupported cannot support a claim of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) *cert. denied,* 502 U.S. 1105 (1992). Finally, the overwhelming evidence of Petitioner's involvement in the conspiracy precludes a finding of prejudice as required by *Strickland*.[6] This claim is denied.

## 2. Prior conviction

As his second claim of ineffective assistance of counsel, Petitioner contends that counsel failed to advise the Court that his "prior unadjudicated no contest plea was not final within the meaning of 21 U.S.C. Section 841(b)(1)(B), because it was still open to direct attack under Florida Rule of Criminal Procedure 3.170(f)." Dkt. 13 at 6.

This claim is due to be denied for the following reasons: First, Petitioner's reliance on Rule 3.170(f) is misplaced.[7] Second, Petitioner cannot demonstrate that the result of the

---

[6] As found by the Eleventh Circuit Court of Appeals when affirming Petitioner's conviction on his first appeal, "[t]he evidence showed, *inter alia,* that [Petitioner] recruited several individuals to distribute drugs, provided drugs for those individuals to sell, paid those individuals for their services, and operated an extensive drug operation in Miami, Jacksonville, and throughout Georgia." Opinion in Case No. 3:98-cr-336-J-99MMH, Dkt. 297 at 13 - 14.

[7] Rule 3.170(f), Fla. R. Crim. P. provides:

> The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction

proceedings would have been different had counsel raised this argument. Even if the 1987 conviction was "still" subject to attack in state court, as Petitioner contends, it had no bearing on the validity of that conviction for the purpose of imposing an enhanced sentenced under 21 U.S.C. § 841(b)(1)(C).

### B. Sentence

Under his final ground for relief, Petitioner asserts that his sentence violated his right to jury trial pursuant to *United States v. Booker*, 543 U.S. ---, 125 S.Ct. 738 (2005).[8] Petitioner contends that his sentence was imposed based on factors that were not presented to the jury: (1) that he sold 1.5 kilograms of crack; (2) that he was a leader in the conspiracy; and (3) that he possessed a firearm during commission of the charged offense. This claim is due to be denied for the following reasons:

First, this claim is procedurally barred. Petitioner unsuccessfully challenged the role and firearm enhancement on his first appeal. Case No. 3:98-cr-336-J-99TEM, Dkt. 297 at 24 - 26. Petitioner successfully challenged on direct appeal the drug quantity determination, and as stated previously, the case was remanded for re-sentencing. Following his re-sentencing, Petitioner again appealed, raising the sole issue of whether the 1987 conviction was properly used to

---

has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.

[8] In *Booker*, the Supreme Court held that the federal sentencing guidelines should be used as an advisory tool for sentencing courts, and that facts used to increase a calculated range of imprisonment must be proven beyond a reasonable doubt.

enhance his sentence. Petitioner cannot re-litigate on collateral review claims previously disposed of on direct appeal. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir.1977). Moreover, Petitioner failed to challenge the drug-quantity determination in his second appeal, and is barred from doing so here, absent a showing of cause and resulting prejudice. Petitioner has failed to make such a showing.

Finally, *Booker* has not been determined to be retroactive to cases on collateral review. *See In re Anderson*, 396 F.3d 1336 (11th Cir. 2005).

### III. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED**:

1. That the Second Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 13) is **DENIED**.

2. The Clerk is directed to enter judgment in Case No. 3:04-cv-725-J-25MMH, and to close said file.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of April, 2005.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Petitioner
Ashley Moody, AUSA